```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
JOHN HOLLIS                   :    Civil No. 3:14CV00516(AWT)
                              :
v.                            :
                              :
DEPARTMENT OF MENTAL HEALTH   :    February 23, 2016
AND ADDICTION SERVICES FOR    :
THE STATE OF CONNECTICUT,     :
et al.                        :
                              :
------------------------------x
```

## ORDER ON MOTION TO COMPEL [DOC. #64]

Pending before the Court is a motion filed by plaintiff John Hollis ("plaintiff"), seeking to compel discovery from defendants, Department of Mental Health and Addiction Services for the State of Connecticut, Linda Gagnon and Cathy McGuiness (hereinafter collectively referred to as the "defendants"). [Doc. #64]. Defendants have filed a Memorandum in Opposition to the pending motion. [Doc. #65]. For the reasons articulated below, the Court **DENIES** plaintiff's Motion to Compel without prejudice to refiling.

### DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  "The burden of demonstrating relevance is on the party seeking discovery." Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 363 (S.D.N.Y. 2010)(citation omitted).

The procedure for filing a discovery motion is governed by the Local Rules of Civil Procedure.  Local Rule 37(b)(1) provides that the parties shall file memoranda containing

a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed.  Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item.  Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. R. Civ. P. 37(b)(1).

Plaintiff seeks to compel answers to two interrogatories, and the production of documents in response to three requests for production.  However, plaintiff articulates only general reasons as to why a motion to compel might be filed, without any reference to the facts or law applicable to this case.  Plaintiff states that the motion should be granted "as the

information requested is nonprivileged, is relevant to the plaintiff's claims, and the benefit of receiving it outweighs the likely prejudice to the plaintiff in not receiving said information." [Doc. #64-1 at 2]. Plaintiff's burden to demonstrate relevance is not met by a perfunctory recitation of the general standard governing discovery disclosure.

Further, plaintiff wholly fails to state the nature of the case, list each of the items sought, and set forth specific reasons why each item sought should be allowed, in contravention of Local Rule 37(b)(1). In the absence of any indication as to how the items of discovery requested are relevant to plaintiff's claim and proportional to the needs of the case, the Court cannot determine the merits of plaintiff's motion. See Fed. R. Civ. P. 26(b)(1).

Accordingly, plaintiff's motion to compel is **DENIED**, without prejudice. Plaintiff may refile an amended motion **within ten (10) days, on or before March 4, 2016,** that complies with the Federal Rules of Civil Procedure and with Local Rule of Civil Procedure 37(b)(1). Plaintiff should indicate whether he is willing to narrow his requests, and articulate clear reasons as to why the requested relief should be granted rather than simply providing the Court with "General Reasons for a Motion to Compel." [Doc # 64-1 at 1].

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 23rd day of February 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE