```
                         UNITED STATES DISTRICT COURT
                           DISTRICT OF CONNECTICUT

------------------------------x
                              :
JOHN HOLLIS                   :    Civil No. 3:14CV00516(AWT)
                              :
v.                            :
                              :
DEPARTMENT OF MENTAL HEALTH   :    April 8, 2016
AND ADDICTION SERVICES FOR    :
THE STATE OF CONNECTICUT,     :
et al.                        :
                              :
------------------------------x
```

## ORDER ON RENEWED MOTION TO COMPEL [DOC. #68]

Plaintiff John Hollis (hereinafter "plaintiff") filed a motion to compel on February 15, 2016, the deadline for the close of discovery in this matter, seeking to compel discovery from defendants, the Department of Mental Health and Addiction Services for the State of Connecticut (hereinafter "DMHAS"), Linda Gagnon and Cathy McGuiness (hereinafter collectively referred to as the "defendants"). [Doc. #64]. The Court denied that motion without prejudice to renewal on the ground that the motion failed completely to meet the requirements of the Federal and Local Rules of Civil Procedure. See Doc. #67. Plaintiff has filed a renewed motion, which is now before the Court. [Doc. #68]. Defendants have filed a Memorandum in Opposition to the pending motion. [Doc. #73]. For the reasons set forth herein, the Court **GRANTS, in part**, plaintiff's Renewed Motion to Compel.

1

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)(citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Plaintiff seeks to compel responses to two interrogatories, and the production of items responsive to three requests for production. The Court will address each request in turn.

**I.   Local Rule 37**

Before turning to the merits of the plaintiff's renewed motion, the Court notes that the renewed motion, although more

2

detailed than the original effort, still fails to comply with the applicable Rules. In particular, Local Rule 37 requires:

> (a) No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

D. Conn. L. Civ. R. 37(a). In their response to the plaintiff's original motion to compel, defendants pointed out that plaintiff's counsel had failed to comply with this Rule. See Doc. #65 at 1-2. In spite of this reminder, plaintiff's counsel has again failed to comply with this Rule. No affidavit has been submitted, and the defendants contend that counsel for the plaintiff failed to meet his obligation of conferring in good faith prior to filing the original or renewed motion to compel.

This failure of compliance is significant. The requirement of an affidavit is designed to assist the Court in ensuring that (1) the parties have made a good faith effort to reach resolution without Court intervention and (2) the Court is aware

3

of the extent to which any disputes have been resolved in whole or in part. Counsel's failure -- again -- to comply with the Rule puts the Court in a difficult position, particularly as the original motion was filed on the deadline for the closure of discovery. The Court could again deny the motion without prejudice, but doing so would simply delay resolution of this matter. The Court could deny the motion with prejudice, but doing so would serve only to punish the plaintiff for the failings of his counsel. "Applying procedural rules to preclude relief in this case seems harsh since [plaintiff] may be being severely punished for the failure of his attorney." U.S. ex rel. Tsirizotakis v. Lefevre, 534 F. Supp. 40, 45 (E.D.N.Y.), aff'd sub nom. Tsirizotakis v. Le Fevere, 672 F.2d 901 (2d Cir. 1981).

The Court will thus proceed to consider the motion. However, the Court will narrowly construe plaintiff's arguments, and will accept as admitted any arguments raised by defendants that are not opposed by plaintiff. Furthermore, in the future, the Court will hold plaintiff accountable for the failings of his chosen counsel. As the Supreme Court has held, there is "no merit to the contention" that penalizing a party for the actions of counsel is unjust. Link v. Wabash R. Co., 370 U.S. 626, 634 (1962). "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected

4

agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Id.

## II.  **Defendants McGuiness and Gagnon**

### A.  Interrogatory No. 5

As to defendants McGuiness and Gagnon, plaintiff first seeks to compel responses to Interrogatory No. 5. See Doc. #68 at 3. Defendants, in both their response to the original motion and their response to the amended motion, have indicated that the requested information has already been provided. See Doc. #65 at 3-4; Doc. #73 at 2. Counsel for the plaintiff has not responded to this assertion, and, as noted, has provided no affidavit indicating whether any disputes have been resolved. Accordingly, the motion is **DENIED, as moot**, as to this request.

### B.  Interrogatory No. 9

As to these two individual defendants, plaintiff next seeks to compel a response to the following:

> Please state fully and in complete detail everything that any person told, reported or related to the defendant or any agent or employee of the defendant about the complaints of harassment, retaliation and/or discrimination by the plaintiff and the identity of each such person by name, address and job title and the date of each such communication.

5

[Doc. #65 at 4]. Defendants McGuiness and Gagnon have replied with substantially identical objections and responses:

> Objection: This Interrogatory is compound, vague and overly broad. This Interrogatory is not limited in time and incorporates any form of communication of any type with any person. To the extent this Interrogatory may seek information which is protected by the attorney-client privilege or work-product doctrine, any such information is protected by such privilege or doctrine. Moreover, the defendant cannot respond to this Interrogatory as it presumes that the incidents alleged in the Amended Complaint occurred. Defendant [McGuiness/Gagnon] further cannot respond to this Interrogatory as the word "complaints" is not defined and the defendant cannot speculate.
>
> Response: Without waiving the objection, communications regarding the plaintiff have already been provided to him in response to FOI requests and are already in the plaintiff's possession. In addition, accounts regarding the plaintiff were provided during the course of the Commission on Human Rights & Opportunities' investigations, to which the plaintiff has equal access as Defendant [McGuiness/Gagnon].

[Doc. #65 at 4-5]. Plaintiff's motion indicates that he is willing to narrow the time frame of this request to 2009 to present. [Doc. #68 at 5]. Without specifying how, plaintiff submits that the information sought is relevant to the claims at issue. Id. Defendants argue that the word "complaints" could refer to a number of things, and that DMHAS has thousands of employees, so it would be "nearly impossible" for the defendants to respond. [Doc. #73 at 3].

While defendants appear to read this request as relating to all communications with any employee of DMHAS, it is in fact

6

directed solely to the individual defendants, and thus analysis regarding any search or production of other DMHAS employees' communications is unnecessary. The remaining claims against defendants McGuiness and Gagnon are limited to the gender discrimination claims in Count Two and the intentional infliction of emotional distress claim in Count Four as to McGuiness only. The limited surviving retaliation claim is against DMHAS, only.[1] Accordingly, the Court reads this request as being limited to the individual defendants and the remaining claims against them.

    Plaintiff is entitled to discovery of communications by the defendants "that refer or relate to any of the events alleged in the Amended Complaint[,]" as those allegations are limited by the Court's dismissal of certain causes of action. Giacchetto v. Patchogue-Medford Union Free Sch. Dist., 293 F.R.D. 112, 117 (E.D.N.Y. 2013); see also, e.g., Bass ex rel. Bass v. Miss Porter's Sch., No. 3:08CV1807(JBA), 2009 WL 3724968, at *1 (D. Conn. Oct. 27, 2009) (ordering disclosure of "all documents representing or relating to communications between [Plaintiff] and anyone else ... related to the allegations in [Plaintiff's] Amended Complaint"); Badr v. Liberty Mut. Grp., Inc., No. 3:06CV1208(AHN), 2007 WL 2904210, at *5 (D. Conn. Sept. 28,

---

[1] See Note 2, infra.

2007) (granting motion to compel production of "documents that relate specifically to complaints the plaintiff lodged against fellow employees or managers during the course of her employment").

The Interrogatory as currently framed is confusing and overbroad. However, the Court **GRANTS, in part**, plaintiff's motion to compel with respect to Interrogatory No. 9. On or before **April 29, 2016,** Defendants McGuiness and Gagnon shall each provide a list of any and all individuals they communicated with regarding plaintiff's complaints of unequal treatment on the basis of gender from 2009 to present, and a brief description of the communication. Defendant McGuiness shall also provide a list of any and all individuals she communicated with regarding plaintiff's complaints of intentional infliction of emotional distress, and a brief description of the communication.

C. Request for Production No. 6

Plaintiff seeks to compel the production of materials in response to the following request:

> Please provide a copy of all documents, including but not limited to, notes, memoranda, diaries, emails, twitter tweets, facebook entries, myspace entries, records or files reflecting any conversations or communications with or about the plaintiff or any of the defendants relating to the plaintiff's complaints of discrimination and/or harassment by DMHAS throughout the last ten (10) years.

8

[Doc. #68 at 6 (sic)]. Defendants McGuiness and Gagnon have replied with substantially identical objections and responses:

> <u>Objection</u>: This request is overly broad. Defendant[s] Gagnon/McGuiness can only respond to this request as it pertains to [each of them]. The relevant time period is the time period within the statute of limitations from October 2011 to the present. Defendant[s] do not have access to the records of the Department of Mental Health and Addiction Services. The defendant[s] [are] willing to discuss mutually agreeable search terms with plaintiff's counsel with respect to any e-discovery requests.
>
> <u>Response</u>: Without waiving the objection, the defendant refers the plaintiff to the documents provided to him pursuant to his FOI requests and any records provided during the investigations by the Commission on Human Rights and Opportunities, which are already in the plaintiff's possession.

[Doc. #65 at 6]. As noted above, plaintiff's counsel has not provided an affidavit detailing any efforts to reach agreement on the disputed issues, including any efforts to identify agreeable search terms to facilitate production of electronic materials responsive to this request. Even though defendants raised that issue in their response to the original motion to compel, plaintiff has not addressed it. Furthermore, plaintiff has failed to explain how the items already received do not constitute a complete or sufficient response to this request. In light of these facts, plaintiff has not established that further searches and production by the individual defendants would be proper and

9

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Accordingly, the motion to compel is **DENIED** as to this request.

III. <u>**Defendant DMHAS**</u>

    A.   <u>Request for Production 6</u>[2]

As to defendant DMHAS, plaintiff seeks to compel the production of the following:

> Please provide a copy of all lawsuits which have been filed within the last five (5) years against the Department which assert claims of discrimination, harassment, retaliation and/or a hostile work environment.
>
> <u>Objection</u>: This request is overly broad and unduly burdensome. To the extent this request seeks information that is not related to the remaining claim pending against defendant DMHAS, it is irrelevant. In addition, this request seeks information that is publicly available and equally available to the plaintiff. The defendant DMHAS does not maintain this information and, to the extent that it is maintained, it is protected attorney-work product.

---

[2] Plaintiff's motion refers to the outstanding DMHAS requests as Request for Production No. 6 and No. 6A. [Doc. #68]. Defendants' response refers to them as Request for Production 6(a) and 6(b), respectively. [Doc. #73]. The Court notes that compliance with the Local Rule requiring a motion to compel to attach "as exhibits, copies of the discovery requests in dispute[,]" D. Conn. L. Civ. R. 37(b)(1), would have eliminated any confusion as to the proper identification of these requests. The Court adopts plaintiff's designation of these requests, as plaintiff is the moving party.

[Doc. #68 at 7-8].

This request is overbroad. Cf. Davis v. Regions Bank, No. 2:06CV00264(MHT), 2006 WL 2135809, at *2 (M.D. Ala. Aug. 1, 2006) (denying as overbroad, not relevant, and unduly burdensome a request to "[i]dentify every person who has filed an EEOC charge or lawsuit alleging race or gender discrimination against this defendant" for prior six years). Plaintiff has agreed to limit the request to the last five years, but it remains overbroad and unduly burdensome, as it seeks "copies" of all civil lawsuits filed against DMHAS that assert any claims of discrimination, harassment, retaliation and hostile work environment. The only remaining claim against defendant DMHAS sounds in retaliation for the filing of a complaint to the Commission on Human Rights and Opportunities ("CHRO") in 2009.[3] The request is also vague, as it is unclear to the Court what plaintiff means when he requests "a copy" of lawsuits.

Plaintiff argues that these materials are relevant and calculated to lead to admissible evidence because the existence of other lawsuits would "corroborate the nature of the Equal

---

[3] In Judge Thompson's ruling on defendants' Motion to Dismiss, he construed the complaint as asserting claims against DMHAS only in Counts One and Three. See Doc. #39 at 1. In his Motion for Reconsideration, plaintiff does not contest this construction of his complaint. See Doc. #43. As Count One was dismissed in its entirety, only Count Three, alleging retaliation, remains pending against DMHAS.

11

Protection violations and/or retaliation asserted by the plaintiff[.]" [Doc. #68 at 8]. The complaint in this case makes a single, conclusory allegation of a "pattern and practice" of discrimination, [Doc. #30 at 21], but the overall tenor of the complaint is that of personalized, individual attacks on plaintiff. Thus, information regarding other lawsuits is of tenuous relevance, at best. See, e.g., Prouty v. Nat'l R.R. Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that issues raised in other lawsuits are not relevant to this case.").

Further, to the extent plaintiff seeks copies of documents filed in connection with lawsuits, such documents are equally available to both parties. Counsel for plaintiff has a PACER account and is able to conduct a search of "Department of Mental Health and Addiction Services" and variations on that title to locate any cases filed in this District. Such information is similarly available without charge on the State of Connecticut Judicial Branch website.

Finally, DMHAS has represented that it does not maintain this information. Plaintiff states: "To suggest that the information requested concerning civil lawsuits brought within the last five (5) years is not 'officially' retained by DMHAS is, frankly, disingenuous and tantamount to defendants' playing a shell game with the rules of discovery." [Doc. #68 at 8]. No

12

further information is provided as to whether plaintiff believes DMHAS is lying to the Court, or why such an assertion is inherently unbelievable. Absent any showing to the contrary, the Court accepts the representations of counsel. See In re Lorazepam & Clorazepate Antitrust Litig., 219 F.R.D. 12, 17 (D.D.C. 2003) ("The federal courts are often confronted with a party's complaint that its opponent must have documents that it claims not to have. Such suspicion is, however, insufficient to warrant granting a motion to compel."); M.S. ex rel. M.E.S. v. Woodland Hills Sch. Dist., No. 10CV700, 2011 WL 294518, at *2 (W.D. Pa. Jan. 27, 2011) ("I cannot compel Defendant to produce information that it does not have, and must accept its representation.").

In spite of these concerns, the Court will **GRANT, in very limited part**, plaintiff's motion to compel with respect to Request for Production No. 6, because no sworn representation has yet been made regarding defendant's possession of such material. On or before **April 29, 2016,** defendant DHMAS shall produce a copy of any list maintained by DMHAS of civil lawsuits filed against DMHAS within the last five years that allege discrimination on the basis of male gender, or retaliation for raising complaints of the same. If DMHAS contends that it possesses no such list, an appropriate representative of DMHAS shall produce an affidavit to that effect. If DMHAS withholds

13

any materials responsive to this request on the grounds of privilege, an appropriate privilege log must be produced.

### B. Request for Production 6A

Plaintiff seeks to compel the production of the following:

> Please provide a copy of all documents, including but not limited to, notes, memoranda, diaries, emails, twitter tweets, facebook entries, myspace entries, records or files reflecting any conversations or communications with or about the plaintiff or any of the defendants relating to plaintiff's complaints of discrimination and/or harassment by DMHAS throughout the last five (5) years.
>
> Objection: This request is vague and overly broad and unduly burdensome. It seeks all documents reflecting any communications with or about the plaintiff or any of the defendants and as such amounts to a fishing expedition. To the extent this request seeks information that is not related to the remaining claim pending against defendant DMHAS, it is irrelevant.

[Doc. #68 at 9 (sic)]. As noted above, plaintiff's sole claim remaining against defendant DMHAS is for retaliation stemming from plaintiff's filing of a CHRO complaint in 2009. The Court agrees with defendant DMHAS' objection to this request for production; as it is worded, the request is overbroad and compliance with it would be extraordinarily burdensome. The request is also unduly vague; it is directed to an entity that has employed hundreds or thousands of people in the years covered by the request, but does not specify which employees' communications are sought. For example, plaintiff works in medical records at Connecticut Valley Hospital. Does plaintiff

14

seek to require defense counsel to contact staff in the DMHAS Veterans' Services office in Hartford, to determine whether those staff members have MySpace pages, and to request that they engage in a search of any such pages to identify any communications with or regarding plaintiff or his complaints?

Defendants assert that plaintiff's counsel has made no effort to confer regarding appropriate search terms for a search of electronic materials responsive to this request. No apparent effort has been made to narrow this request to bring it into conformity with the requirements of Rule 26. Therefore, defendant DMHAS will not be ordered to make a search for any such materials. However, any materials responsive to this request that DMHAS has <u>already identified and obtained</u> must be disclosed, and DHMAS must supplement its initial disclosures to the extent additional responsive documents have become available, pursuant to its continuing duty to supplement. Accordingly, the Court **GRANTS, in part**, plaintiff's motion to compel with respect to Request for Production No. 6A. On or before **April 29, 2016,** defendant DMHAS shall provide any non-privileged documents already identified and in its possession that are responsive to this request. If DMHAS claims privilege as to any such materials, an appropriate privilege log must be provided.

**CONCLUSION**

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 8th day of April, 2016.

                                    /s/
                       HON. SARAH A. L. MERRIAM
                       UNITED STATES MAGISTRATE JUDGE